IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-012-JHP |
| | ) | |
| JEFF McMAHAN, | ) | |
| LORI MCMAHAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Before the Court is Defendants' Motion to Continue [Docket No. 25]. Defendants seek a 90 day continuance of their February 7, 2008 motion deadline and March 3, 2008 trial date. The motion is unopposed. For the reasons set forth below, the motion is GRANTED.

## BACKGROUND

On January 18, 2008, Defendants were each indicted on nine counts of conspiracy, mail fraud, and bribery. Defendants made their initial appearance before a United States Magistrate Judge on January 25, 2008, and each pled not guilty to the nine counts. A March 3, 2008 trial date was set, and Defendants were ordered to file all pre-trial motions by February 7, 2008.

Defendants filed the instant motion to continue on January 31, 2008. In the motion, Defendants argue — with the Governments' support — that their case is complex and therefore justify an "ends-of-justice" continuance pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B). Defendants claim the Government turned over "in excess of Six Thousand Three Hundred (6300) pages of discovery documents" at Defendants' January 25, 2008 arraignment. The Government has also advised Defendants that additional grand jury transcripts will be turned over in the future.

1

Defendants also claim that the evidence in this case includes "numerous tape recordings which require significant, detailed analysis." Defendants argue that these factors all cut in favor of a 90 day continuance of the motion deadline and trial. The Government does not oppose the continuance.

The matter came on for hearing February 8, 2008. The Court heard argument from counsel for both the Government and Defendants relating to the complexity of the case and need for a continuance. Counsel for each of the Defendants described to the Court the voluminous discovery involved in this case. That discovery includes 12 filing cabinets worth of documents, the hard drive data from 37 computers, computer disks, grand jury transcripts, and at least 24 hours worth of audio recordings. Counsel for the Government testified that this evidence quite literally fills an entire evidence room. Counsel for each of the Defendants each testified that, based on the complexity of the case, it would be impossible for them to be prepared for trial by the March 3, 2008 trial date. Counsel for the Government agreed, and argued that it would be in the best interest of the public to continue the trial so as to allow Counsel for the Defendants to adequately prepare, thus insuring the integrity of the trial process.

## DISCUSSION

Defendants' motion implicates the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, which provides that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In this case, the requested continuance would impact the 70 day deadline contemplated by § 3161(c)(1).

2

The Court is acutely sensitive to the implications of granting this continuance. Recent Supreme Court and Tenth Circuit decisions have raised this Court's awareness of its need to exercise great caution in granting continuances in criminal trials. *Zedner v. U.S.*, 547 U.S. 489, 126 S.Ct. 1976, 1989 (2006); *U.S. v. Williams* 511 F.3d 1044, (10th Cir. 2007). In the past, this Court has taken into consideration a defendant's prospective waiver of rights under the Act, but it is now clear to this Court that the existence of such a waiver can have no bearing on the Court's decision as to whether to grant a continuance. *U.S. v. Williams,* 511 F.3d at 1054-55. Even when a defendant knowingly, intelligently, and unequivocally waives his rights under the Act, a district court granting an ends-of-justice continuance, "must 'se[t] forth, in the record of the case, either orally or in writing, its reasons' for finding that the ends of justice are served and they outweigh other interests." *Zedner,* 126 S.Ct. at 1989 (2006) (quoting 18 U.S.C. § 3161(h)(8)(A)).[1]

With that in mind, the Court turns to 18 U.S.C. § 3161(h), which provides that certain "periods of delay shall be excluded . . .. in computing the time within which the trial of any such offense must commence." Among those periods of delay excluded are those periods "resulting from a continuance granted by any judge . . .. if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).

Among the factors which a judge shall consider in making this determination are "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice," 18 U.S.C. § 3161(h)(8)(B)(i), or "[w]hether the case is so unusual or so complex, due to . . . the nature of the prosecution...that it is

---

[1] For an exhaustive, and excellent, example of a district court granting an ends-of-justice continuance with the requisite findings, see *U.S. v. Taylor*, 2007 WL 2990623 (D.Colo.2007).

unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [§ 3161]," 18 U.S.C. § 3161(h)(8)(B)(ii), or "[w]hether the failure to grant such a continuance in a case which . . . is not . . . unusual or . . . complex . . . would deny counsel for the defendant or the attorney for the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

In this case, the Court finds that this case involves unusually voluminous discovery which will require time consuming, and in some instances, highly technical analysis. Additionally, the offenses charged in the nine count indictment are alleged to have taken place over a five year period and are factually intensive, involving 23 overt acts of conspiracy, a scheme to defraud, and the bribery of public officials. The Court finds that the nature of this prosecution makes it impossible for counsel for the Defendants to adequately prepare for trial by March 8, 2008.

The Court applies these factual findings to the factors set forth in 18 U.S.C. § 3161(h)(8)(B) and concludes as follows:

1. Failure to grant the requested continuance would result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i);

2. The requested continuance is warranted because the nature of the prosecution renders this case complex within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii) and;

3. Even assuming this case is not so unusual or complex as to fall within the meaning of § 3161(h)(8)(B)(ii), and taking into account the exercise of due diligence on the part of counsel, failure to grant the 90 day continuance would deny counsel the reasonable time necessary for effective preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv).

The Court does not predicate these findings on congestion of the Court's calendar or lack of diligent preparation by counsel, *see* 18 U.S.C. § 3161(h)(8)(c), nor does it predicate these findings on the existence of any purported "waiver" of Speedy Trial Act rights.

The Court therefore concludes that the ends of justice served by granting a continuance of the deadlines in this case outweigh the best interest of the public and the Defendant in a speedy trial and that the delay is properly excluded for purposes of the Speedy Trial Act.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Continue is GRANTED. The February 7, 2008 motion deadline and March 3, 2008 trial date are stricken. The new motion deadline is April 2, 2008. The pre-trial conference is set for May 19, 2008 . The trial is set for June 2, 2008.

IT IS SO ORDERED this 8th day of February, 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma