IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,           )
                                     )
            Plaintiff,               )
                                     )
v.                                   )     Case No. 08-CR-012-JHP
                                     )
JEFF McMAHAN,                        )
LORI McMAHAN,                        )
                                     )
            Defendants.              )

## ORDER AND OPINION

Before the Court are Defendants' Joint Motion to Dismiss Counts Two and Three of the Indictment (Docket No. 36), Defendant Lori McMahan's Motion to Dismiss Counts Four through Seven (Docket No. 39), and Defendants' Joint Motion to Dismiss Counts Eight and Nine (Docket No. 39). For the reasons set forth below, the motions are DENIED.

## BACKGROUND

### A.  Factual Background

Defendants Jeff McMahan and Lori McMahan have been charged by indictment with one count of Conspiracy in violation of 18 U.S.C. § 371, six counts of Mail Fraud in violation of 18 U.S.C. §§ 1341, 1346, and 2, and two counts of Travel Act violations in violation of 18 U.S.C. §§ 1952 and 2. Essentially, the Indictment alleges that Defendants accepted money and gifts from an unnamed co-conspirator in exchange for Jeff McMahan giving the co-conspirator favorable treatment in McMahan's role as Oklahoma State Auditor. The Court addresses the factual allegations in more

detail in its analysis of the motions to dismiss below.

### B.  Procedural Background

The instant motions were filed on April 2, 2008. The Court heard argument on the motions at a May 9, 2008 hearing. At the conclusion of the hearing, the Court ordered the Government to supplement its response to the motions with a simple outline of the necessary elements of each of the counts charged in the Indictment, and gave Defendants time to reply to that supplemented response.[1] All briefing is now before the Court.

## DISCUSSION

**A.      Standards**

While an indictment may not be properly challenged by a pretrial motion on the ground that it is not supported by adequate evidence, an indictment may be dismissed if it is insufficient to charge an offense against the United States. *United States v. King*, 581 F.2d 800, 802 (10th Cir. 1978).

When a pretrial motion to dismiss an indictment is considered, the indictment should be tested solely on the basis of the allegations made on its face, and the allegations contained in the indictment are to be taken as true. *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994)(citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). Thus, "courts should refrain from considering evidence outside the indictment when testing its legal sufficiency."*Id.*. In limited circumstances, however, the Tenth Circuit has upheld the dismissal of an indictment where "the underlying facts were essentially undisputed and the government failed to object to the district court's resort to evidence beyond the four corners of the indictment." *Id.*

Here, because the Government *has* objected to the consideration of evidence beyond the four

---

[1]In their reply to the Government's supplemental response, Defendants' note that the Government failed to link the factual allegations contained in the Indictment with the necessary elements for each count charged. The Court, however, simply asked the Government to provide it with an outline of the necessary elements of each count charged — no further argument was requested, nor was it necessary.

corners of the indictment, the Court examines only the face of the indictment to see if it: "(1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead an acquittal or conviction under the indictment as a bar to any subsequent prosecution for the same offense." *Id.* at 1087 (citing *Russell v. United States*, 369 U.S. 749, 763-64 (1962); *United States v. Walker*, 947 F.2d 1439, 1441 (10th Cir.1991)).

**B.     Defendants' Joint Motion to Dismiss Counts Two and Three**

Counts Two and Three of the Indictment charge Defendants with using the United States Postal Service to mail two items in furtherance of a scheme to deprive the public of the honest services of Jeff McMahan. Essentially, Defendants are alleged to have made mailed a single item either during or following each of two trips which were paid for by an unnamed co-conspirator in exchange for Jeff McMahan giving that co-conspirator favorable treatment in McMahan's role as Oklahoma State Auditor. Specifically, Count Two alleges that the co-conspirator paid for Defendants' trip to the Democratic National Convention in Boston, Massachusetts and that Defendants' mailed a "thank you" poster from the convention to the co-conspirator in Oklahoma. Count Three alleges that the co-conspirator paid for a bus trip taken by Defendants and others to New Orleans, and that the bus company mailed an invoice for the trip from its headquarters in Texas to the co-conspirator in Oklahoma.

Defendants argue that both mailings were wholly unrelated to the alleged scheme to deprive the public of the honest services of Jeff McMahan, and that the mailings occurred after the execution of the alleged scheme. Defendants further argue that the mailing of the bus invoice cannot be attributed to them, as that mailing was initiated by the bus company.

3

The Government argues that an examination of the nexus between the mailing and the scheme to defraud, or an examination of whether Defendants actually caused the mailing alleged in Count Two, would be improper at this stage. The Government argues that the question is whether the Indictment alleges that each element of the crime of mail fraud has been met, and the Government argues that the Indictment makes allegations sufficient to satisfy each element of the crime of mail fraud, which are:

- (1) that the defendant knowingly devised or intended to devise a scheme to defraud another of honest services,

- (2) that the defendant acted with the specific intent to defraud another of honest services,

- (3) that the defendant mailed or caused another to mail something through the United States Postal Service for the purpose of carrying out the scheme, and

- (4) the scheme employed false representations that were material.

Tenth Circuit Model Jury Instruction 2.56. The Government therefore argues that the motion to dismiss must fail.

The Court agrees with the Government. Having examined the Indictment, the Court cannot conclude that Counts Two and Three of the Indictment fail to charge an offense against the United States as a matter of law. Each count properly alleges that Defendants' committed each element of the crime of mail fraud, and the Court cannot conclude that, as a matter of a law, the mailings were not for the purpose of carrying out the scheme to defraud. *See United States v. Sampson*, 371 U.S. 75, 80 (1962)(establishing that subsequent mailings can in some circumstances provide the basis for an indictment under the mail fraud statutes). Therefore, the Government must be given the opportunity to establish each element at trial, including the requisite nexus between the alleged mailings and the scheme to defraud, as well as whether Defendants could have reasonably foreseen

4

the mailing alleged in Count Three.

Defendants' Joint Motion to Dismiss Counts Two and Three of the Indictment (Docket No. 36) is therefore DENIED.

**C.**     **Defendant Lori McMahan's Motion to Dismiss Counts Four through Seven**

Counts Four through Seven of the Indictment also charge Defendants with using the United States Postal Service to mail items in furtherance of a scheme to deprive the public of the honest services of Jeff McMahan. Essentially, the Indictment alleges that Jeff McMahan took actions in his official role as State Auditor in order to aid the abstracting business of a co-conspirator that had provided Defendants with money and gifts. Those alleged actions involve the mailing of administrative actions against certain abstract companies.

Lori McMahan argues that these four counts should be dismissed as to her, because she was not involved in the mailings in question. Indeed, the "Overt Acts" section of the Indictment alleges that "[Jeff] McMahan caused the action...to be sent through the United States Mail to abstracting businesses located in the Eastern District of Oklahoma." (Indictment, ¶ 31 at 10.) Counts Four through Seven, however, each allege that "Jeff McMahan *and* Lori McMahan knowingly caused to be sent and delivered by the United States Postal Service...an administrative action against certain abstract companies" (Indictment at 13-15) (emphasis added). Additionally, the Court would note that Counts Four through Seven of the Indictment also charge violations of 18 U.S.C. § 2, which provides that: ''Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." To prove that Lori McMahan aided or abetted the commission of mail fraud, the Government must show that:

(1)     someone else committed the mail fraud, and

5

(2) the defendant intentionally associated himself or herself in some way with the mail fraud and intentionally participated in it as he or she would in something he or she wished to bring about.

Tenth Circuit Model Jury Instruction 2.56.

With that in mind, the Court is satisfied that the Indictment properly alleges facts that, when taken as true, satisfy each element of either the mail fraud or aiding and abetting statute. The Indictment contains numerous allegations involving Lori McMahan's involvement in the scheme to defraud the public of the intangible right of honest services, and although Lori McMahan claims that "no where in the indictment is it alleged that Lori McMahan mailed or caused to be mailed any administrative complaint which forms the basis of the mail fraud Counts IV-VII," that is simply not true. Counts Four through Seven of the Indictment each plainly allege that "for the purpose of executing or attempting to execute the scheme and artifice to defraud and deprive, defendants Jeff McMahan and Lori McMahan, knowingly caused to be sent and delivered…an administrative action against certain abstract companies." While Lori McMahan may argue that she did not in fact cause those mailings, the Indictment plainly alleges that she did. Indeed, taken together, all elements of the mail fraud statute are clearly alleged in the Indictment — as are the elements of the aiding and abetting statute. Whether those elements are proven or not is a matter for trial.

Therefore, Defendant Lori McMahan's Motion to Dismiss Counts Four through Seven (Docket No. 39) is DENIED.

**D. Defendants' Joint Motion to Dismiss Counts Eight and Nine**

Counts Eight and Nine of the Indictment charge Defendants with Travel Act Violations to Promote State Bribery. Essentially, the Indictment alleges that Defendants took two trips from

Oklahoma to New Orleans which were paid for by an unnamed co-conspirator in exchange for favorable treatment from Jeff McMahan in his role as Oklahoma State Auditor.

Defendants argue that the alleged favorable treatment given by Jeff McMahan to the co-conspirator occurred so long after the trips to New Orleans that the trips could not have been taken to "promote" the acts of bribery.[2] Lori McMahan argues that because she is not a "public official," and cannot be bribed in violation of the Oklahoma bribery statute, she cannot be charged with a Travel Act violation.

The Government argues that the Indictment sets forth allegations which satisfies each of the Travel Acts essential elements, which are:

(1) travel in interstate or foreign commerce or use of the mail or any facility in interstate or foreign commerce;

(2) with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity; and

(3) performance of or an attempt to perform an act of promotion, management, establishment, or carrying on of the enumerated unlawful activity.

*United States v. Welch,* 327 F.3d 1081, 1090 (10th Cir. 2003). As to Lori McMahan's claims, the Government argues that it does not matter that Lori McMahan is not a public official, because the charge is not that she violated the state bribery statute, but that she "promoted" the violation of that statute. The Government also notes that Counts Eight and Nine also charge a violation of the aiding

---

[2]The filing date of the lawsuit involving the co-conspirator — the lawsuit that Jeff McMahan is alleged to have taken actions as State Auditor to influence — is not contained within the four corners of the Indictment. Although Defendants' argued at the motion hearing that the lawsuit was not filed until well after the trips to New Orleans, thus making it impossible for the co-conspirator to have paid for the trips in exchange for Jeff McMahan's assistance with that lawsuit, the Government has objected to the use of evidence not contained within the Indictment. The Court therefore disregards this evidence and relies only on the information contained within the four corners of the Indictment.

and abetting statute, and argue that the allegations made against Lori McMahan satisfy that statute as well.

Having examined the Indictment, the Court agrees with the Government that it alleges each of the essential elements of the Travel Act statute. Counts Eight and Nine clearly allege that Defendants traveled in interstate commerce with the intent to promote the bribery of a public official. As to Lori McMahan, the Government has not alleged that she is a state official, nor has it alleged that she was bribed, the Government has instead alleged that Lori McMahan either promoted or aided and abetted bribery, acts sufficient to satisfy the elements of a Travel Act violation. Because the Indictment contains those elements, it cannot be dismissed at the pre-trial stage. Instead, the Government must be given the opportunity to prove the existence of each of those elements at trial.

Therefore, Defendants' Joint Motion to Dismiss Counts Eight and Nine (Docket No. 39) is DENIED.

## CONCLUSION

Defendants' Joint Motion to Dismiss Counts Two and Three of the Indictment (Docket No. 36) is DENIED.

Defendant Lori McMahan's Motion to Dismiss Counts Four through Seven (Docket No. 39) is DENIED.

Defendants' Joint Motion to Dismiss Counts Eight and Nine (Docket No. 39) is DENIED.

IT IS SO ORDERED this 22nd day of May, 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma