IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CR-012-JHP |
| | ) | |
| JEFF McMAHAN, | ) | |
| LORI McMAHAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Rule 801(d)(2)(E) of the Federal Rules of Evidence provides that "[a] statement is not hearsay if ... [t]he statement is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Under Tenth Circuit law, a district court can only admit coconspirator statements pursuant to Rule 801(d)(2)(E) if it holds a *James* hearing or conditions admission on forthcoming proof of a "predicate conspiracy through trial testimony or other evidence." *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir.1995).

Because the Defendants anticipated the Government would attempt to introduce co-conspirator statements at trial, Defendants filed a Joint Motion for a *James* Hearing (Docket No. 38) on April 2, 2008. The Court granted that motion by minute (Docket No. 57) order on May 9, 2008.

The *James* hearing to determine the admissibility of certain co-conspirator statements was held May 23, 2008. At the hearing, the Court heard testimony from Special Agent Gary Graff of the Federal Bureau of Investigation. Special Agent Graff provided wide-ranging testimony concerning the alleged conspiracy. This testimony included the statements made by the alleged co-conspirators, Steve Phipps and Tim Arbaugh, but also included ample evidence independent of those statements.

Before the Court may allow Phipps and Arbaugh's statements to be introduced at trial

pursuant to Rule 801(d)(2)(E), the Court must find by a preponderance of the evidence that:

    (1) a conspiracy existed;

    (2) that the coconspirator and the defendant against whom the coconspirator's statement is offered were members of that conspiracy; and

    (3) the anticipated testimony of these coconspirators concerns statements made during the course of and in furtherance of the conspiracy.

*United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

The Court finds that Agent Graff's testimony established by a preponderance of the evidence the existence of a conspiracy, and established that Jeff McMahan, Lori McMahan, Steve Phipps, and Tim Arbaugh were each members of this conspiracy. Agent Graff's testimony further established by a preponderance of the evidence that the co-conspirator statements discussed at the hearing were made in the course of and in furtherance of the conspiracy. The Court makes this determination based on the whole of Agent Graff's testimony, relying on both Agent Graff's testimony concerning the statements themselves, and the ample independent evidence that his testimony provided.

Therefore, those statements discussed at the hearing may be introduced at trial pursuant to the hearsay exclusion found at Rule 801(d)(2)(E) of the Federal Rules of Evidence.

IT IS SO ORDERED this 23rd day of May, 2008.

                                                                    James H. Payne
                                                                    United States District Judge
                                                                    Eastern District of Oklahoma